**DWIGHT C. HOLTON,** OSB #09054
United States Attorney
District of Oregon
**SCOTT E. ASPHAUG,** OSB #83367
Assistant United States Attorney
scott.asphaug@usdoj.gov
**UNITED STATES ATTORNEY'S OFFICE**
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Civil Case No._____ |
| Plaintiff, | |
| v. | **MEMORANDUM OF POINTS AND** |
| **JANET DAVIS MAJHOR,** | **AUTHORITIES IN SUPPORT OF** |
| **aka Janet Davis Majhor, and** | **PLAINTIFF'S MOTION FOR A** |
| **Janet-Davis: Majhor,** | **TEMPORARY RESTRAINING ORDER** |
| | **AND PRELIMINARY INJUNCTION** |
| Defendant. | |

## I. INTRODUCTION

1.     This action is brought by the United States of America for a temporary restraining

order and preliminary injunction pursuant to the fraud injunction statute, 18 U.S.C. § 1345.  The

United States seeks to enjoin the defendant from attempting to discharge debts of private

individuals by filing with banks and/or other creditors documents including, but not limited to

"Registered Bonded Promissory Notes."  In addition, the United States seeks to enjoin the

defendant from any further efforts to enforce any Registered Bonded Promissory Note by any further claims or demands on banks, creditors or the United States.

2.      Specifically, the United States alleges that the defendant has submitted on at least 25 occasions a fraudulent document entitled "Registered Bonded Promissory Note" to financial institutions that direct the financial institution to discharge a consumer debt from a non-existent "Pass-through Account," purportedly held by the United States Treasury in favor of the defendant. The United States believes that in excess of 25 fraudulent claims totaling thousands of dollars have been submitted to various financial institutions by the defendant.

3.      Defendant has committed and is continuing to commit violations of at least four federal criminal statutes: 18 U.S.C. § 514 (Fictitious Obligations), 18 U.S.C. § 1341 (Mail Fraud), 18 U.S.C. § 1343 (Wire Fraud), and 18 U.S.C. § 1344 (Bank Fraud). Defendant has affected financial institutions, as defined by 18 U.S.C. § 20, in doing so. The United States is entitled to injunctive relief under 18 U.S.C. § 1345 to stop defendant from defrauding financial institutions and others. Defendant has already sought through the use of registered bonded promissory notes to attempt to defraud numerous financial institutions in Oregon and she continues to promote her scheme. As demonstrated below, there is a substantial likelihood that the government will succeed on the merits of this civil action. Moreover, since the government has demonstrated the probability of success on the merits, there is a presumption that it will suffer irreparable harm in the absence of injunctive relief. The balance of hardships tips decisively in favor of the United States, since the only hardship suffered by defendant will be the inability to discharge debts using the illegal scheme. Finally, since there is no evidence that the

**Page 2 -      Memorandum of Points and Authorities in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction**

defendant is conducting any legitimate business by way of the illegal scheme, a temporary restraining order pending a hearing on an preliminary injunction is warranted.

## II. LEGAL ARGUMENT

## <u>THE FRAUD INJUNCTION STATUTE</u>

4.     The Fraud Injunction Statute, 18 U.S.C., § 1345, was originally enacted in 1984 as part of the comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, 98 Stat. 1837, 2152 (1984). It was enacted "to allow the Attorney General to put a speedy end to a fraud scheme by seeking an injunction in federal district court as soon as the requisite evidence is secured." *United States v. American Heart Research Foundation, Inc.*, 996 F.2d 7, 11 (1st Cir. 1993) (quoting S. Rep. 225, 98th Cong., 2d Sess. 402 (1984), reprinted in U.S. Code Cong, & Admin. News 3182, 3549). The legislative history shows that Congress authorized this expedited action precisely because "the investigation of fraudulent schemes often takes months, if not years, before the case is ready for criminal prosecution and in the meantime innocent people continue to be victimized." *American Heart Research Foundation, Inc.*, 996 F.2d at 11 (quoting S. Rep. 225 at 401-02.). As noted in *United States v. DBB, Inc.*, 180 F. 3d 1277, 1283 (11th Cir. 1999), the legislative history indicates that Congress intended to enhance the government's ability to enjoin the dissipation of assets wrongfully obtained through fraud. The very nature of and basis for the relief illustrates that the statute is appropriately invoked before indictment where the potential for public injury during the pendency of an investigation is substantial.

5.     Specifically, in pertinent part, the Fraud Injunction Statute provides as follows:

(a)(1) If a person is - ...

**Page 3 -**     **Memorandum of Points and Authorities in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction**

(A) violating or about to violate this chapter[1];

(B) committing or about to commit a banking law violation (as defined in

section 3322(d) of this title),

the Attorney General may commence a civil action in any federal court to enjoin

such violation.

(3) A permanent or temporary injunction or restraining order shall be granted

without bond.

(b) The Court shall proceed as soon as practicable to the hearing and
determination of such an action, and may, at any time before final determination, enter
such a restraining order or prohibition, or take such other action, as warranted to prevent a
continuing and substantial injury to the United States or to any person or class of persons
for whose protection the action is brought. A proceeding under this section is governed by
the Federal Rules of Civil Procedure, except that, if an indictment has been returned
against the respondent, discovery is governed by the Federal Rules of criminal
Procedure.

18 U.S.C. §1345.

6.      A violation of 18 U.S.C., §§ 1341, 1343, or 1344, federal fraud offenses, are

enumerated predicate offenses to the application of the Fraud Injunction Statute.

## THE APPLICABLE STANDARD

7.      The purpose of a preliminary injunction is to preserve the status quo and prevent

irreparable loss of rights prior to judgment  *Sierra On-Line, Inc. v. Phoenix software, Inc.*, 739

F.2d 1415, 1422 (9th Cir. 1984).  Courts in the Ninth Circuit consider the following factors in

determining whether preliminary injunctive relief is available:  (1) the likelihood of success on

the merits; (2) the possibility of irreparable harm in the absence of injunctive relief; (3) the extent

---

[1] The Mail Fraud and Other Fraud Offenses Section of Title 18, United States Code.

**Page 4 -     Memorandum of Points and Authorities in Support of Plaintiff's Motion for
a Temporary Restraining Order and Preliminary Injunction**

to which the balance of hardships favors the respective parties; and (4) in appropriate cases,

whether the public interest will be advanced by the preliminary relief. *United States v. Odessa*

*Union Warehouse Co-op*, 833 F.2d 172, 174 (9th Cir. 1987).

8.    However, where, as here, the government seeks an injunction pursuant to a federal

statue that was enacted to protect the public interest, it need not show irreparable harm. *See*

*Miller v. California Pacific Medical Center*, 19 F. 3d 449, 459 (9th Cir. 1994) (if government

proves likelihood of success on the merits under 18 U.S.C. § 1345, irreparable injury is

presumed); *United States v. Guess*, 2004 WL 3314940, *3 (S.D. Cal. 2004) (same); *cf. United*

*States v. Odessa Union Warehouse Co-op, supra,* 833 F.2d at 175 (where injunction is authorized

by statute, and statutory conditions are satisfied, agency to whom enforcement has been entrusted

not required to show irreparable harm).

## LIKELIHOOD OF SUCCESS ON THE MERITS

9.    Some courts have held that, to support an application for a preliminary injunction

under 18 U.S.C. § 1845, the government need demonstrate that "probable cause" exists to believe

that defendants are engaged or about to engage in a predicate fraud offense. *United States v.*

*William Savran & Associates, Inc.*, 755 F. Supp. 1165, 1177 (E.D.N.Y. 1991); *United States v.*

*Weingold,* 844 F. Supp. 1560, 1573 (D.N.J. 1994). Others have required proof "by a

preponderance of the evidence that a predicate fraud offense has been or is being committed."

*United States v. Sriram*, 147 F. Supp. 2d 914, 938 (N.D. Ill. 2001). Although the Ninth Circuit

has not addressed the burden of proof under 18 U.S.C. § 1345, this Court need not decide which

standard applies because the evidence herein warrants injunctive relief under either standard.

Page 5 -    **Memorandum of Points and Authorities in Support of Plaintiff's Motion for**
            **a Temporary Restraining Order and Preliminary Injunction**

10.     The government contends that defendant has violated, and is violating, at least three federal criminal fraud statutes; 18 U.S.C. § 1341, 18 U.S.C. § 1343 and 18 U.S.C. § 1344, as well as the fictitious obligation statute; 18 U.S.C. § 541. The accompanying affidavits of Special Agent Hamblet and Matthew Johnson demonstrate, by a preponderance of the evidence, ongoing violations of each of these offenses.[3]

## MAIL FRAUD

11.     A violation of mail fraud under 18 U.S.C. § 1341 requires a showing that defendant: (1) formed a scheme or artifice to defraud; (2) used the U.S. mails (or private or commercial interstate carrier) in furtherance of the scheme; and (3) did so with the specific intent to deceive or defraud. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004); *see also* 9th Cir. Crim. Jury Inst. 8.101, 8.102 (including "materiality" as an additional element). The facts described above clearly establishes a violation of the mail fraud statute. Defendant has used the United States mails in an effort to fraudulently discharge legitimate debts by use of invalid registered bonded promissory notes and other related documents consistent with a redemption scheme.

12.     Defendant has devised an extensive scheme to defraud financial institutions and others. It is also clear that defendant has used the mails to further the fraudulent scheme.

---

[3] Preliminary injunctive relief requires less formal and less complete evidentiary showings than a trial on the merits. *See Republic of Philippines v. Marcos,* 862 F.2d 1355, 1363 (9th Cir. 1988) (district court has discretion to rely on hearsay in granting preliminary injunction).

**Page 6 -       Memorandum of Points and Authorities in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction**

## WIRE FRAUD

13.     Wire fraud under 18 U.S.C. § 1343 has three basic elements:  (1) a scheme to

defraud; (2) use of the wires, radio or television in furtherance of the scheme; and (3) specific

intent to defraud.  *United States v. McNeil*, 320 F.3d 1034, 1040 (9th Cir. 2003); *see also* 9th Cir.

Crim. Jury Instr. 8.103 (including "materiality" as an additional element).  As demonstrated

above, defendant conducted, and continues to conduct, a scheme to defraud.  She uses the wires,

including Internet wires, telephone wires, and wires used to conduct banking transactions, to

perpetrate the fraudulent discharge of legitimate debts by use of registered bonded promissory

notes and other related documents consistent with a redemption scheme.

## BANK FRAUD

14.     The federal crime of bank fraud is committed when one knowingly executes, or

attempts to execute, a scheme or artifice to:  (1) defraud a financial institution; or (2) to obtain

any of the moneys, funds, credits, assets, securities, or other property owned by, or under the

custody or control of, a financial institution, by means of false or fraudulent pretenses.  18 U.S.C.

§ 1344; *United States v. McNeil*, *supra*, 320 F.3d at 1037; *see also* 9th Cir. Crim. Jury Instr.

8.104.  As set forth above, defendant's redemption scheme is a "scheme to defraud" by

attempting to discharge legitimate debts by use of fraudulent registered bonded promissory notes

and other related documents consistent with a redemption scheme.  A majority of the targets that

defendant has attempted to defraud through her scheme are "financial institutions" as defined in

18 U.S.C. § 20.  As set forth in the Affidavit of Special Agent Hamblet (Exhibit A), defendant

has continued her collection efforts against Mid Oregon Credit Union as recently as May 5, 2010.

Accordingly, defendant is continuing to commit bank fraud under 18 U.S.C. § 1344.

## POSSIBILITY OF IRREPARABLE HARM

15.     As discussed above, if the government demonstrates that it is likely to succeed on the merits in an action for injunctive relief under 18 U.S.C. § 1345, irreparable harm in the absence of injunctive relief is presumed. *Miller v. California Pacific Medical Center, supra*, 19 F. 3d at 459. The government has demonstrated in the accompanying affidavits of Special Agent Hamblet and Matthew Johnson that defendant has now violated, and continues to violate, at least three predicate fraud statues: 18 U.S.C. § 1341 (Mail Fraud), 18 U.S.C. § 1343 (Wire Fraud), and 18 U.S.C. § 1344 (Bank Fraud). The government has further established that the defendant has been affecting financial institutions in doing so, including fraudulent collection efforts within the last two weeks. Therefore, there is a presumption that irreparable harm will occur if defendant's actions are not enjoined. As long as defendant is allowed to continue her fraudulent activities, injury is being inflicted on financial institutions and others who are misled by defendant's filing of false promissory notes.

## BALANCE OF HARDSHIPS AND THE PUBLIC INTEREST

16.     The balance of hardships tips decisively in favor of granting the government's motion for injunctive relief. If injunctive relief is denied, defendant will continue to defraud financial institutions both locally and nationwide. Since there is no evidence that defendant conducts any legitimate business, this Court should enjoin her operations completely.

Page 8 -     **Memorandum of Points and Authorities in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction**

17.    This is an appropriate case in which to consider whether injunctive relief will serve the public interest.  Defendant's scheme preys upon unsuspecting financial institutions whose security interests defendant attempts to compromise without their knowledge or authority. In addition, her scheme preys on those gullible enough to believe that there is a secret pot of free money waiting for them if they file documents consistent with her redemption scheme subjecting them to potential legal consequences.

## TEMPORARY RESTRAINING ORDER PENDING HEARING ON A PRELIMINARY INJUNCTION IS WARRANTED

18.    Consistent with the requirements of FRCP 65(b) counsel for the government certifies that no effort has been made to give defendant notice of the government's intent to seek a temporary restraining order.  No effort has been made because the government is unaware of her current whereabouts and due to the fact that she continues to attempt to fraudulently discharge the valid debt owed to Mid Oregon Credit Union.  As noted above, as recently as May 5, 2010, defendant continues to file documents consistent with her redemption scheme with  Mid Oregon Credit Union and is clearly engaged in ongoing criminal activities with the continuing potential for immediate and irreparable losses.  See Attachment 7 to Exhibit A.  If the government was required to give the normal notice under FRCP 65 before having its application for a preliminary injunction heard, the crimes and resulting harm to the financial institution victims would continue unabated.  Accordingly, the government respectfully submits that a temporary restraining order pending a hearing on its application for a preliminary injunction is warranted.

19.     Under the circumstances presented in this Complaint, and pursuant to the intent of the Fraud Injunction Statute, the law supports the issuance of an *ex parte* temporary restraining order.  In fact, pre-seizure notice and hearing is not necessary where such notice might frustrate the interests served by the statutes.  *Calero-Toledo v. Pearson Yacht Leasing Company*, 416 U.S. 663, 679 (1974).  *See also, Little Tor Auto Center v. Exxon Company USA*, 822 F. Supp. 141, 143 (S.D.N.Y. I 993) (*ex parte* procedure allowed in connection with TRO application "where advance contact with the adversary would itself be likely to trigger irreparable injury").

20.     The Court's statement *In the Matter of Vuitton et Fils S.A.*, 606 F.2d 1,5 (2nd Cir. 1979) is particularly apropos to this case:

> If notice is required, that notice all too often appears to serve only to render fruitless further prosecution of the action. This is precisely contrary to the normal and intended role of "notice," and it is surely not what the authors of the rule either anticipated or intended.

21.     As a result, it is appropriate that the United States' application be granted without prior notice and hearing to the defendant.  The defendant will be fully protected by the opportunity for hearing, which can and will be required by the terms of the order itself.

### III.  CONCLUSION

22.     Based on the facts described above, there is probable cause to believe that Janet Davis Majhor produced and mailed, utilizing the United States Postal Service, the aforementioned Registered Bonded Promissory Notes, along with instructions for processing, to Cascade Central Credit Union and Mid Oregon Credit Union.  Majhor also communicated orally via telephone with representatives of both credit unions, and electronically via electronic email

with Cascade Central Credit union, all in violation of Title 18, United States Code, 514, Fictitious Obligations, 1341, Mail Fraud, 1343, Wire Fraud, and 1344, Bank Fraud.

23.    Ms. Majhor attempted to cause the United States Department of the Treasury to produce funds to satisfy the debt obligations of Scott Haanstad to Cascade Central Credit Union and Terry Joe Allison to Mid Oregon Credit Union from accounts that do not exist.

24.    WHEREFORE, the United States requests, pursuant to 18 U.S.C. § 1345, that the Court issue a temporary restraining order and an injunction, restraining defendant, pending the hearing on plaintiff's motion for a preliminarily injunction, from further violating 18 U.S.C.§ 1341 (Mail Fraud), 18 U.S.C. § 1343 (Wire Fraud), and 18 U.S.C. § 1344 (Bank Fraud) through the use of Registered Bonded Promissory Notes and other related documents as more fully described in the Proposed Temporary Restraining Order.

Dated this 13th day of May, 2010.

Respectfully submitted,

**DWIGHT C. HOLTON,** OSB #09054
United States Attorney
District of Oregon

**SCOTT ERIK ASPHAUG,** OSB# 83367
Assistant United States Attorney

**Page 11 -    Memorandum of Points and Authorities in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction**