**DWIGHT C. HOLTON,** OSB #09054
United States Attorney
District of Oregon
**SCOTT E. ASPHAUG**, OSB #83367
Assistant United States Attorney
scott.asphaug@usdoj.gov
United States Attorney's Office
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No.  10-CV-544-ST |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION TO STRIKE ANSWER** |
| **JANET DAVIS MAJHOR,** **aka Janet Davis Majhor,** and **Janet-Davis: Majhor,** | |
| Defendant. | |

**I.     LOCAL RULE 7.1 CERTIFICATION**

Pursuant to LR 7.1, I have not discussed this motion with Ms. Majhor.  Her whereabouts are unknown at this time.

Page 1-    **Plaintiff's Motion to Strike Answer**
            *United States of America v. Janet Davis Majhor*; 10-cv-544-ST

**II.   MOTION**

The United States, by and through Dwight C. Holton, United States Attorney for the District of Oregon, and Scott Asphaug, Assistant United States Attorney for the District of Oregon, hereby moves to strike that portion of the defendant's Answer that purports to deny the jurisdiction of this Court pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Specifically, the United States moves to strike the following statements from the defendant's answer:

> 1. "Comes now Janet Majhor, American, Secured Party Creditor, Third Party Plaintiff in interest, by special visitation and not appearing generally, before this court seeking a remedy in Admiralty as is provided by 'The Saving to the Suitors Clause' at USC 28 - 1333(1). I am standing in my unlimited commercial liability as a Secured Party Creditor and request that the officers of this court do the same."

**III.   ARGUMENT**

Despite the defendant's assertions to the contrary, the Court has jurisdiction over the defendant. It is well established that district courts "have original jurisdiction.... of all offenses against the laws of the United States." 18 U.S.C. § 3231. States v. Marks, 530 F.3d 799, 811 (9th Cir. 2008). The injunction requested under 18 U.S.C. § 1345 falls within the scope of 18 U.S.C. § 3231, giving the Court jurisdiction over the defendant. The defendant's apparent defense of lack of personal or subject matter jurisdiction is legally insufficient and lacks any evidentiary support. Furthermore, allowing this frivolous defense to stand would lead to unnecessary litigation and confuse the issues in the case.

For these reasons, the United States moves to strike the jurisdictional defense from the defendant's answer.

Dated this 3rd day of June, 2010.

                                            Respectfully submitted,

                                            DWIGHT C. HOLTON
                                            United States Attorney
                                            District of Oregon


                                            /s/ Scott Asphaug
                                            **SCOTT ASPHAUG**
                                            Assistant United States Attorney
                                                  Attorney for Plaintiff