**DWIGHT C. HOLTON,** OSB #09054
United States Attorney
District of Oregon
**SCOTT E. ASPHAUG**, OSB #83367
Assistant United States Attorney
scott.asphaug@usdoj.gov
United States Attorney's Office
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No.  10-CV-544-ST |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM** |
| **JANET DAVIS MAJHOR,** **aka Janet Davis Majhor,** and **Janet-Davis: Majhor,** | |
| Defendant. | |

**I.     LOCAL RULE 7.1 CERTIFICATION**

Pursuant to LR 7.1, I have not discussed this motion with Ms. Majhor.  Her whereabouts are unknown at this time.

Page 1-    Plaintiff's Motion to Dismiss Counterclaim
            *United States of America v. Janet Davis Majhor*; 10-cv-544-ST

## II. MOTION

The United States, by and through Dwight C. Holton, United States Attorney for the District of Oregon, and Scott E. Asphaug, Assistant United States Attorney for the District of Oregon, hereby moves to dismiss the Counterclaim against all listed third party defendants pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, due to insufficient service of process, failure to state a claim, and failure to comply with LR 10.2. Defendant's Counterclaim, names eight United States government employees, individually and severally in their official capacity, as well as the United States Attorney's Office as third party defendants. The defendant failed to serve any of these third party defendants correctly as stipulated in Rule 4 of the Federal Rules of Civil Procedure, fails to state a claim upon which relief can be granted, and fails to provide her contact information on the pleading.

## III. ARGUMENT

The defendant failed to serve the eight named third party defendants sued as individuals and in their official capacity as employees of the government with the proper documents as required by Rule 4(i)(2)-(3) and Rule 4(e) of the Federal Rules of Civil Procedure. Defendant delivered the Answer and Counterclaim via registered mail with return receipt requested to all third party defendants. In that mailing, however, defendant did not include a certified copy of the original summons and complaint to the newly named third party defendants as required by Oregon Rules of Civil Procedure 7(d)(2)(d) and 22(c)(1) and Rule 4(e)(1) of the Federal Rules of Civil Procedure. By not including an original certified copy of the original summons and

Page 2-    Plaintiff's Motion to Dismiss Counterclaim
           *United States of America v. Janet Davis Majhor*; 10-cv-544-ST

complaint, defendant also failed to properly serve the United States Attorney's Office under Rule 4(i)(2) of the Federal Rules of Civil Procedure.

In this case, the undisputed facts establish that the defendant did not adequately serve process to the third party defendants named in defendant's Answer and Counterclaim under Rule 4 of the Federal Rules of Civil Procedure. Therefore, the court should grant the United States' motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

As a separate grounds for dismissal, the United States moves to dismiss the Counterclaim for failure to state a claim on which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The defendant's Counterclaim, fails to present a short plain statement of the claims for which relief may be granted as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Since the defendant is representing herself pro se, she is entitled to less stringent standards compared to those of lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The defendant, however, fails to meet even the lower standard, which requires that the statement of claim provides the other party with fair notice of what the claim is about and "the grounds upon which it rests." Id. citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The defendant lists sixteen separate claims and demands for relief without noting any specific instances of wrongful acts or damages caused by the third party defendants. Countercl. at 5-7. Averments found in the defendant's Answer similarly fail to make any factual allegations or state a justifiable claim. Answer at 3-5. Although the defendant is pro se, the Counterclaim and Answer fail to state a claim that have even an "arguable basis in law" and therefore should be dismissed. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Even assuming, *in arguendo*, that

there is an arguable basis in law, given the absence of facts provided, even when construed liberally, there is no legal basis under which the defendant would be entitled to relief. Therefore, the case should also be dismissed pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). <u>Weilburg v. Shapiro</u>, 488 F.3d 1202, 1205 (2007).

      As a final grounds for dismissal, Defendant also failed to comply with Local Rule LR 10.2, Caption Requirements. Defendant filed her pleading without providing a mailing address or residence address, nor did she provide a telephone number or facsimile telephone number. Without such information, the plaintiff is unable to contact the defendant to confer when necessary and defendant is able to avoid service of additional pleadings.

      For all the above reasons, the court should grant the United States Motion to dismiss defendant's Counterclaim.

      Dated this 3rd day of June, 2010.

                                Respectfully submitted,

                                DWIGHT C. HOLTON
                                United States Attorney
                                District of Oregon

                                */s/ Scott Asphaug*
                                **SCOTT ASPHAUG**
                                Assistant United States Attorney
                                    Attorney for Plaintiff