IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

    v.

JANET DAVIS MAJHOR,
aka Janet Davis Majhor,
and Janet-Davis: Majhor,

       Defendant.

Civil No. 10-544-MO

OPINION AND ORDER

    DWIGHT C. HOLTON
    United States Attorney
    SCOTT E. ASPHAUG
    Assistant United States Attorney
    1000 SW Third Ave
    Suite 600
    Portland, OR  97204

       Attorneys for Plaintiff

    JANET DAVIS MAJHOR
    C/O Saleem Majid, Notary
    16055 SW Walker Road
    Suite 505
    Beaverton, OR  97006

       *Pro Se* Defendant

1 - OPINION AND ORDER -

MOSMAN, Judge.

The United States brings this action for injunctive relief against Defendant Janet Davis Majhor pursuant to 18 U.S.C. § 1345. Currently before the court are the United States' Motion to Strike Answer (#13) and Motion to Dismiss Counterclaim (#14). For the reasons that follow, the motions are GRANTED.

## BACKGROUND

On May 13, 2010, the United States filed its Complaint for Injunctive Relief against Defendant. The Complaint seeks to enjoin Defendant from attempting to discharge debts of private individuals by filing with banks and/or other creditors documents including, but not limited to "Registered Bonded Promissory Notes." In addition, the Complaint seeks to enjoin Defendant from any further efforts to enforce any Registered Bonded Promissory Note by any further claims or demands on banks, creditors, or the United States.

On May 13, 2010, this court issued a Temporary Restraining Order against Defendant and an Order to Show Cause requiring Defendant to show cause at 4:00 pm on Tuesday, May 25, 2010, why preliminary injunction should not issue. On May 25, 2010, the court issued a preliminary injunction order.

Also on May 25, 2010, before the time set for the show cause hearing, Defendant filed a document entitled "Answer in Affidavit of Specific Negative Averment, Opportunity to Cure, and

2 - OPINION AND ORDER -

Counterclaim in Admiralty Counterclaim - Affidavit of Specific Negative Averment Opportunity to Cure, and Counterclaim" (#11) (referred to hereafter as Defendant's "Answer"). Therein, Defendant identifies herself as a "Third Party Plaintiff," and purports to identify as "Third Party Defendants" various persons involved in the prosecution of this civil action, including the Clerk of the Court, the United States Attorney and his assistants, an F.B.I. agent, a bank examiner, the Magistrate Judge to whom the case was first assigned, and myself.[1]

In her Answer, Defendant first argues she is not the "fictitious Entity" identified in capital letters in the caption of this action, and the court thereby lacks jurisdiction over her without her express consent. Defendant also argues this court lacks jurisdiction because she is appearing "by special visitation and not appearing generally, . . . seeking a remedy in Admiralty."

---

[1]Normally, when a judge is sued, and is also assigned to the case, the required action is to simply recuse oneself and have another judge decide the matter. § 455(b)(5)(I). However, "where the allegations are so palpably lacking in merit and integrity, the judge may, and should remain in the case to deal with the spiteful plaintiff." *Mellow v. Sacramento County*, 2008 WL 2169447, at *3 (E.D. Cal., May 23, 2008), *report and recommendation adopted by* 2008 WL 3976873 (E.D. Cal., Aug. 21, 2008), *aff'd* 365 Fed.Appx. 57 (9th Cir. 2010)*; see also United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him [in the context of scurrilous attacks]"). As discussed below, the allegations involving the undersigned are as frivolous as the remainder of the Defendant's "counterclaims," and recusal is therefore not required.

Defendant goes on to advance other patently frivolous defenses against the United States' action herein.

Following the frivolous defenses asserted in the Answer, Defendant includes a section entitled "Counterclaim," which commences by stating:  "The following damages have been assessed against you should you fail to meet the requirements as provided in the opportunity to cure contained herein."  She then goes on to allege some sixteen separate claims for tens of millions of dollars.  The  "claims" do not contain any specific instances of wrongful acts or damages caused by the "Third Party Defendants." While too voluminous to include in full, by way of example the claims allege:

1.   Failure to state a claim upon which relief can be granted.  $10,000,000.00 (Ten Million US Dollars) per Third Party Defendant, Per count, per violation, per occurrence.

* * *

4.   Dishonor in Commerce - $10,000,000.00 (Ten Million US Dollars) per Third Party Defendant, per count, per violation, per occurrence.

* * *

14.  Abuse of Power - $10,000,000.00 (Ten Million US Dollars) per Third Party Defendant, per count, per violation, per occurrence.

Defendant then asserts that failure to pay the amount sought "within (30) Thirty Calendar Days of Default as contained herein" shall result in additional penalties.  Finally, Defendant states

4 - OPINION AND ORDER -

that all "communications" must be written and sent to "the Notary

Presenter," and any communications sent to any other address than

the one she provides for the "Notary Presenter" will be considered

a non-response and will result in default.

On June 3, 2010, the United States filed the Motion to Strike

Answer and the Motion to Dismiss Counterclaim currently at issue.

On June 30, 2010, Defendant filed a document entitled "Answer in

Affidavit - Notice to the Court in Admiralty" (#16).  Therein,

Defendant acknowledges receipt of a copy of the Preliminary

Injunction Order and copies of the Motion to Strike Answer and

Motion to Dismiss Counterclaim.  In what appears to be her

response to the two motions, Defendant states:

> As was stated previously, I am me, Janet Davis
> Majhor, American, Libellant [sic], Secured Party
> Creditor, Third Party Plaintiff in Interest, give
> "Notice to the Court" that you have exceeded your
> jurisdiction in this matter.  You are hereby given
> notice that I do not grant you permission and do not
> give you the authority to dismiss, deny, alter, change,
> strike or terminate my ANSWER and/or my COUNTERCLAIM in
> Admiralty filed in Case 10-CV-544-ST.
>
> You have provided no proof based in real law in
> admiralty. My Counterclaim In Admiralty stands first in
> line first in time.  Again, you are in default in
> admiralty.  Your court and its officers do not now and
> never will have my consent to do anything further in
> this matter.  There is "no controversy" here.  Your
> administrative remedies have been exhausted.

Defendant subsequently filed numerous other documents with

the court, including the following: "Affidavit - First Notice of

Fault and Demand for Payment" (#17), filed June 30, 2010;

5 - OPINION AND ORDER -

"Affidavit - Second Notice of Fault and Demand for Payment" (#20), filed August 6, 2010; and "Affidavit - Final Notice of Fault and Demand for Payment" (#23), filed August 23, 2010.

Finally, on August 30, 2010, Defendant filed a document entitled "Affidavit - Notice of Final Determination and Judgment In NIHL DICT" (#26).  It purports to be a "final notification and judgment," and states collection actions will commence thereon in three business days if the sum of "$2,576,448,000,000.00 US Dollars (Two Trillion Five Hundred Seventy-six Billion Four Hundred Forty-eight Million and 100/100 US Dollars" is not paid in full.

## DISCUSSION

### I.  Motion to Strike Answer

It is well established that district courts "have original jurisdiction . . . of all offenses against the laws of the United States."  18 U.S.C. § 3231; *United States v. Marks*, 530 F.3d 799, 811 (9th Sir. 2008).  The injunction requested by the United States herein under 18 U.S.C. § 1345 falls within the scope of 18 U.S.C. § 3231, giving this court jurisdiction over the Defendant. Moreover, Defendant's argument that this court lacks jurisdiction because her name appears in capital letters in the case caption has been routinely rejected by this court and others as patently frivolous.  *See, e.g., Studley*, 783 F.2d at 937 & n.3 and the

numerous cases citing it.  Accordingly, to the extent Defendant's
Answer alleges lack of jurisdiction, it is hereby STRICKEN.

## II.  Motion to Dismiss Counterclaims

In order to state a claim, Defendant's counterclaims must
contain sufficient factual matter which, when accepted as true,
give rise to a plausible inference that the "Third Party
Defendants" violated Defendant's rights.  *See Ashcroft v. Iqbal*,
129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550
U.S. 554, 556-57 (2007).  "A claim has facial plausibility when
the [party] pleads factual content that allows the court to draw
the reasonable inference that the [third party defendants are]
liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949;
*Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).
Because Defendant is proceeding *pro se*, the court must construe
the pleadings liberally and afford the Defendant the benefit of
any doubt.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Defendant fails to plead <u>any</u> factual content that would
allow this court to draw the reasonable inference that the "Third
Party Defendants" are liable for the misconduct alleged.  Indeed,
her claims are of the patently frivolous type rejected by courts
around this country.  *See, e.g., Fifth Third Bank v. Apostolic
Life Cathedral*, 2010 WL 1664905 *3 (S.D. W.Va., April 22, 2010)
(documents similar to those submitted here failed to address

7 - OPINION AND ORDER -

opposing parties' arguments that they lacked "a legitimate or comprehensible factual basis or any legal grounding to state a counter or cross-claim upon which relief can be granted" and "submission does nothing more than continue . . . exasperating practice of filing pseudo-legal gibberish, neither recognized nor authorized by this Court, by the Federal Rules of Civil Procedure or by the Local Rules"); *United States v. Burton*, 2010 WL 331760 (E.D. Va., Jan. 26, 2010); *United States v. Barefoot*, 2005 WL 5117496 (E.D. N.C., April 25, 2005), *aff'd*, 201 Fed.Appx. 934 (4th Cir. 2006).

Accordingly, the United States' motion to dismiss Defendant's "Counterclaims" is GRANTED and the "Counterclaims" are DISMISSED.[2] The "Third Party Defendants" have no obligation to respond to the documents served upon them by Defendant and Defendant has no basis in law to pursue his alleged counterclaims against the "Third Party Defendants."  Moreover, Defendant is ORDERED not to make any attempt to pursue the "Third Party Defendants" and her purported claims against them in this action or otherwise, including but not limited to, any attempt to obtain or enforce a default judgment. If Defendant violates this Order, she shall be subject to sanctions.

---

[2]Because it is absolutely clear that the deficiencies of the "Counterclaim" cannot be cured by amendment, leave to amend is not granted.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## CONCLUSION

For these reasons, IT IS ORDERED that the United States' Motion to Strike Answer (#13) is GRANTED to the extent that Defendant's allegations of lack of jurisdiction are STRICKEN.

IT IS FURTHER ORDERED that the United States' Motion to Strike Counterclaim (#14) is GRANTED. The "Third Party Defendants" have no obligation to respond to the purported "Counterclaims" asserted by Defendant, and Defendant has no basis in law to pursue his alleged "Counterclaims" against these "Third Party Defendants."

Finally, IT IS ORDERED that Defendant shall not make any attempt to pursue the "Third Party Defendants" and her purported claims against them in this action, including but not limited to any attempt to obtain or enforce a default judgment. If Defendant violates this Order, she shall be subject to sanctions.

IT IS SO ORDERED.

DATED this  1st  day of September, 2010.


                              /s/ Michael W. Mosman
                                   Michael W. Mosman
                                   United States District Judge

9 - OPINION AND ORDER -