**DWIGHT C. HOLTON,** OSB #09054
United States Attorney
District of Oregon
**SCOTT E. ASPHAUG**, OSB #83367
Assistant United States Attorney
scott.asphaug@usdoj.gov
**UNITED STATES ATTORNEY'S OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1008
Facsimile: (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Civil Case No. 10-CV-544-ST |
| Plaintiff, | |
| v. | **REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| **JANET DAVIS MAJHOR,** aka Janet Davis Majhor, and **Janet-Davis: Majhor,** | |
| Defendant. | |

Plaintiff United States of America, by and through Dwight C. Holton, United States Attorney and Scott Erik Asphaug, Assistant United States Attorney, submits this reply to defendant's response to plaintiff's motion for summary judgment.

Page 1 - REPLY TO DEFENDANT'S RESPONSE TO
 PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

This action is brought by the United States of America for Summary Judgment and permanent injunction pursuant to the fraud injunction statute, 18 U.S.C. § 1345. The United States seeks to enjoin the defendant from attempting to discharge debts of private individuals by filing with banks and/or other creditors documents including, but not limited to "Registered Bonded Promissory Notes." In addition, the United States seeks to enjoin the defendant from any further efforts to enforce any Registered Bonded Promissory Note by any further claims or demands on banks, creditors, or the United States.

## ARGUMENT

The pleadings and the evidence demonstrate that there is no genuine issue as to any material fact that defendant has violated three federal criminal fraud statutes: 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1344. In opposing a Motion for Summary Judgment, the defendant may not rely merely on allegations or denials in its own pleading, but must by affidavit or otherwise set out facts showing a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2). The Defendant failed to set out any such facts in the Response to Plaintiff's Motion for Summary Judgment. The affidavits of Special Agent Hamblet and Matthew Johnson demonstrate, by a preponderance of the evidence, that defendant violated those statutes. The United States is entitled to judgment as a matter of law to a permanent injunction under 18 U.S.C. § 1345.

**1. Defendant's Response is Untimely.**

The United States filed a Motion for Summary Judgment on October 12, 2010. Federal Rule of Civil Procedure 56(c) allows an opposing party 21 days to file a response. Defendant

filed an untimely response to the Motion for Summary Judgment on November 5, 2010, 24 days after the Motion was filed.

**2. Mail Fraud under 18 U.S.C. § 1341.**

The pleadings and the evidence demonstrate that there is no genuine issue as to any material fact that Defendant committed mail fraud under 18 U.S.C. § 1341, and the United States is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  A violation of mail fraud under 18 U.S.C. § 1341 requires a showing that defendant: (1) formed a scheme or artifice to defraud; (2) used the U.S. mails (or private or commercial interstate carrier) in furtherance of the scheme; and (3) did so with the specific intent to deceive or defraud.  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004) see also 9th Cir. Crim. Jury Inst. 8.101, 8.102 (including "materiality" as an additional element).  The facts described, which are uncontested by the Defendant, clearly establish a violation of the mail fraud statute.  Defendant has devised an extensive scheme to defraud financial institutions and others.  Defendant submitted fraudulent documents to financial institutions and communicated directly with those institutions advising them to honor those fraudulent documents.  (CR 1, Exhibit A).  Defendant used the U.S. mails in furtherance of the scheme. Defendant sent fraudulent documents via the U.S. mail to Mid Oregon Credit Union and Cascade Central Credit Union.  (CR 1, Exhibit A).  Defendant did so with the specific intent to deceive or defraud. On May 26, 2009, defendant was told directly by Dessa Collinsworth, Compliance Officer, Mid Oregon Credit Union that the credit union could not accept the "Registered Bonded Promissory Note" and that the it was considered fraudulent. (CR 1, Exhibit A, page 8).  Defendant has since continued to send such fraudulent documents via

the U.S. mail in both September, and October of 2009.  (CR 1, Exhibit A).

      **3. Wire Fraud under 18 U.S.C. § 1343**.

The pleadings and the evidence demonstrate that there is no genuine issue as to any material fact that Defendant committed wire fraud under 18 U.S.C. § 1343, and the United States is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).  Wire fraud under 18 U.S.C. § 1343 has three basic elements: (1) a scheme to defraud; (2) use of the wires, radio or television in furtherance of the scheme; and (3) specific intent to defraud.  *United States v. McNeil*, 320 F.3d 1034, 1040 (9th Cir. 2003); *see also* 9th Cir. Crim. Jury Instr. 8.103 (including "materiality" as an additional element).  As the uncontested evidence demonstrates, defendant conducted a scheme to defraud.  She uses the wires, including Internet wires, telephone wires, and wires used to conduct banking transactions, to perpetrate the fraudulent discharge of legitimate debts by use of registered bonded promissory notes and other related documents consistent with a redemption scheme.  (CR 1, Exhibit A, B).

      **4. Bank Fraud under 18 U.S.C. § 1344**.

The pleadings and the evidence demonstrate that there is no genuine issue as to any material fact that Defendant committed bank fraud under 18 U.S.C. § 1344, and the United States is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).  Bank fraud is committed when one knowingly executes, or attempts to execute, a scheme or artifice to : (1) a scheme to defraud; (2) use of the wires, radio or television in furtherance of the scheme; and (3) specific intent to defraud 18 U.S.C. § 1344; *United States v. McNeil*, *supra*, 320 F.3d at 1037; *see also* 9th Cir. Crim. Jury Inst. 8.104.  As set forth in the uncontested evidence, defendant's redemption

scheme is a "scheme to defraud" by attempting to discharge legitimate debts by use of fraudulent registered bonded promissory notes and other related documents consistent with a redemption scheme.  A majority of the targets that defendant has attempted to defraud through her scheme are "financial institutions" as defined in 18 U.S.C. § 20.  As set forth in the Affidavit of Special Agent Hamblet (CR 1, Exhibit A), defendant has continued her collection efforts against Mid Oregon Credit Union as recently as May 5, 2010.

**5. Permanent Injunction under 18 U.S.C. § 1345.**

The Court has jurisdiction to grant a permanent injunction under 18 U.S.C. § 1345.  The United States is entitled to a permanent injunction under 18 U.S.C. § 1345.  A violation of 18 U.S.C. §§ 1341, 1343, or 1344, federal fraud offenses, are enumerated predicate offenses to the application of the Fraud Injunction Statute.  The Fraud Injunction Statute provides as follows:

> (a)(1) If a person is– . . .
>
>> (A) violating or about to violate this chapter . . .
>>
>> (B) committing or about to commit a banking law violation (as defined in section 3322(d) of this title); . . .
>
> the Attorney General may commence a civil action in any Federal court to enjoin such violation. . . .
>
> (3) A permanent or temporary injunction or restraining order shall be granted without bond.
>
> (b) The Court shall proceed as son as practicable to the hearing and determination of such an action, and may at any time before final determination, enter such a restraining order or prohibition, ro take such other action, as warranted to prevent continuing and substantial injury to the United States or to any person or class of persons for whose protection the action is brought.  A proceeding under this section is governed by the Federal Rules of Civil Procedure, except that, if an indictment has been returned against

the respondent, discovery is governed by the Federal Rules of Criminal Procedure.

18 U.S.C. § 1345.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court grant its Motion for Summary Judgment, and as relief enter a Permanent Injunction against defendant.

Dated this 20th day of December, 2010.

                                                Respectfully submitted,

                                                **DWIGHT C. HOLTON**, OSB #09054
                                                United States Attorney
                                                District of Oregon


                                                */s/ Scott E. Asphaug*
                                                **SCOTT E. ASPHAUG**, OSB #83367
                                                Assistant United States Attorney

# CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing Government's REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT was placed in a postage prepaid certified mail envelope and deposited in the United States mail on December 20, 2010, in Portland, Oregon, addressed to:

Janet Davis Majhor
c/o Saleem Majid, Notary
16055 SW Walker road, Suite 505
Beaverton, OR 97006


                                           /s/ Jackie Youngquist
                                           Jackie Youngquist
                                           Legal Assistant