**DWIGHT C. HOLTON,** OSB #09054
United States Attorney
District of Oregon
**SCOTT E. ASPHAUG**, OSB # 83367
Assistant United States Attorney
scott.asphaug@usdoj.gov
**UNITED STATES ATTORNEY'S OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1008
Facsimile: (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No: 10-CV-544-ST |
| Plaintiff, | |
| v. | |
| **JANET DAVIS MAJHOR,** aka Janet Davis Majhor, and Janet-Davis: Majhor, | **RESPONSE TO DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | |

Plaintiff United States of America, by and through Dwight C. Holton, United States Attorney and Scott Erik Asphaug, Assistant United States Attorney, submits this response to Defendant's Motion to Dismiss.

Page 1 - RESPONSE TO DEFENDANT'S MOTION TO DISMISS

## INTRODUCTION

This action is brought by the United States of America for Summary Judgment and permanent injunction pursuant to the fraud injunction statute, 18 U.S.C. § 1345. The United States seeks to enjoin the defendant from attempting to discharge debts of private individuals by filing with banks and/or other creditors documents including, but not limited to "Registered Bonded Promissory Notes." In addition, the United States seeks to enjoin the defendant from any further efforts to enforce any Registered Bonded Promissory Note by any further claims or demands on banks, creditors, or the United States.

## ARGUMENT

Defendant moves to dismiss on the basis that this action constitutes double jeopardy, and that there is no undisputed verifiable proof and failure to substantiate any claim. (Def. Mot. Dismiss). Defendant also moves for a jury trial based on due process. (Def. Mot. Dismiss). This is a civil action, not a criminal charge so double jeopardy does not apply. *Hudson v. U.S.*, 522 U.S. 93 (1997). The affidavits demonstrate, by a preponderance of the evidence that defendant violated fraud statutes included in § 1345. Defendant is not entitled to a jury trial in a civil action for an injunction. *United States v. State of La.*, 339 U.S. 699, 705 (1950); 18 U.S.C. § 1345. Therefore, Defendant's Motion to Dismiss, and Motion for a Jury Trial should be denied.

**1. Defendant's Motion to Dismiss should be denied.**

Defendant asserts that the United States is imposing "double jeopardy with no undisputed verifiable proof and failure to substantiate any claim." (Def. Mot. Dismiss). 18 U.S.C. § 1345 allows the United States to file a civil action to seek an injunction to prevent a person from continuing to commit fraud. The court has jurisdiction under § 1345 to issue an injunction.

This is a civil action, not a criminal charge, so double jeopardy does not apply. *Hudson v. U.S.*, 522 U.S. 93 (1997). The affidavits of Special Agent Hamblet and Matthew Johnson demonstrate, by a preponderance of the evidence, that defendant violated fraud statutes included in § 1345. Defendant's Motion to Dismiss should be denied.

**2. Defendant is not entitled to a jury trial.**

This is a civil action for an injunction against defendant under 18 U.S.C. § 1345. There is no constitutional right to a jury trial for a civil action seeking an injunction unless specifically granted by congress. *United States v. State of La.*, 339 U.S. 699, 705 (1950). 18 U.S.C. § 1345 does not grant a right to a jury trial. Contrary to defendant's assertion, she is not entitled to a jury trial under 18 U.S.C. § 1345.

### CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny defendant's Motion to Dismiss, and Motion for a Jury Trial.

Dated this 20th day of December, 2010.

        Respectfully submitted,

        **DWIGHT C. HOLTON**, OSB #09054
        United States Attorney
        District of Oregon

        */s/ Scott E. Asphaug*
        **SCOTT E. ASPHAUG**, OSB #83367
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing Government's RESPONSE TO DEFENDANT'S MOTION TO DISMISS was placed in a postage prepaid certified mail envelope and deposited in the United States mail on December 20, 2010, in Portland, Oregon, addressed to:

Janet Davis Majhor
c/o Saleem Majid, Notary
16055 SW Walker road, Suite 505
Beaverton, OR 97006

                                    /s/ Jackie Youngquist
                                    Jackie Youngquist
                                    Legal Assistant